JUDGE WOOD
DELIVERED THE OPINION OP THE COURT:
We perceive no material objection to the judgment in favor of the administrator of Mary Banks, deceased, against the devisees of Clement P. Banks.
Judgment at law had been recovered upon the demand, and there was no proof of payment either before or after judgment.
The demand appears to be a just one against the estate of C. P. Banks; it remains unsatisfied; the devisees received under the will estate more than sufficient for its payment; it had been shown that the personal representative of C. P. Banks had no assets out of which satisfaction could be obtained.
The judgment in the suit of Crabtree, &c., against the sheriff of Daviess for the two negroes, did not constitute a bar to this action.
That was an action to recover the negroes which had been levied on by the sheriff. It was decided therein that said negroes belonged to the plaintiffs, and were not liable to the execution against the administrator; but the judgment in favor of Mary Banks, upon which that execution was issued, remained intact. Its validity was not in question in that action.
Nor is it any defense to the suit of Mary Banks that the administrator of C. P. Banks has committed a devastavit, or otherwise improperly managed his estate. The copying twice of the judgment of the 13th March, 1857, was clearly a mistake of the clerk, and shows no error of the court.
The judgment in favor of the administrator of Mary Banks against the devisees of C. P. Banks is affirmed; but the judgment in favor of the administrator of John V. Banks is erroneous.
The cross proceeding by which that judgment was obtained was unauthorized by the Code of Practice, and was therefore erroneous. (See Civil Code, sec. 117; Sanders vs. Sanders, 17 B. Mon., 10-14.)
*485 The error is not cured by the act of the last general assembly, approved 16th December, 1857.
By that aet cross-petitions are allowed when a defendant has a cause of action affecting the subject-matter of the main or original action.
In this case the cause of action stated in the cross-petition did not affect the subject-matter of the action in the name of Mary Banks against the devisees of C. P. Banks.
The two causes of action were separate and distinct. There was no connection between them, and they should not have been blended in the same action.
If J. Y. Banks had a demand against the devisees of C. P. Banks, he could have asserted it in his separate action, and it was his duty so to do.
And, upon the other hand, if the devisees desired to surcharge the settlement made by the administrator with the will annexed, they could have brought their action for that purpose, or have relied upon the same matter, in any action which he might bring against them for the recovery of the alleged balance found in his favor upon the settlement aforesaid.
But the suit of Mary Banks should not have been obstructed or hindered by this contest between the administrator and the devisees of C. P. Banks.
The judgment in favor of the administrator of J. V. Banks is reversed, and that branch of the proceedings is remanded with directions to dismiss the cross-petition filed by J. Y. Banks against the devisees of C. P. Banks.