## E. L. Hines, Assignee, *v.* S. A. Barclay.

**Pleading—Cross-petition.**

Under Section 125, Civil Code Practice, relating to cross-petitions, a cross-petition by the assignee in bankruptcy of the defendant against persons who were not parties to the action was held improper, but that such rights should be asserted by a separate and original proceeding.

### APPEAL FROM WARREN CIRCUIT COURT.

#### February 27, 1874.

Opinion by Judge Lindsay:

Payne and Brother instituted these several actions against J. Lee Able and others, and sued out orders of general attachment in each case. The firm of Barclay & Co., composed of S. A., I. W. and Hugh Barclay, H. A. Stubbins and W. C. Claypool, were summoned as garnishees.

Within a few days after the levy of the attachments, and before answer by the garnishees, Abel caused bonds to be executed conforming to the requirements of Sec. 242, Civil Code of Practice. The orders of attachment were thus discharged, and Barclay & Co. relieved from the necessity of answering.

Able answered the petitions of Payne & Bro., pleading a set-off and praying judgment against them. Finally he pleaded a discharge from his indebtedness, obtained through a proceeding under the Bankrupt Act in the United States District Court for the district of Kentucky. E. L. Hines, his assignee, made himself a party to the action for the purpose of prosecuting the claim set up by Able in his cross-action against the Paynes. Upon hearing, the petition of the Paynes and the cross-petition of Able were both dismissed. Then Payne appealed to this court. The judgment in the main was affirmed, but as the appellants were seeking to reach certain property alleged to have been fraudulently conveyed to Mrs. Able and Mrs. Mary H. Smith, and as it was uncertain whether their lis pendens was or not superior to the claim of Able's assignee, and as their claims had not been presented to and acted on by the bankrupt court, the judgment absolutely dismissing their petitions was reversed, and the cause remanded with instructions to the cir-

cuit court to adjudicate and settle the rights of the parties, including the assignee, as to this property; and for this purpose it was directed that proper amendments to the pleadings should be allowed. Upon the return of the cause, Payne & Bro. filed an amended petition, setting up certain alleged fraudulent transactions between Able and Barclay & Co., and praying that they be required to pay into court the amounts owing by them to Able at the time they were summoned as garnishees, notwithstanding the discharge of the attachments. This amendment was finally dismissed.

Whilst it was pending, however, Hines, the assignee of Able, filed an amended answer, which he made a cross-petition, against Barclay & Bro. & Co., insisting that the indebtedness from them to Able, that Payne & Bro. had attached, arose out of a fraudulent sale by the latter to them of certain real estate. He claimed that said sale was made in violation of the act of congress known as the "Bankrupt Act," and prayed judgment against them for $15,000, the amount of purchase price of said realty. He subsequently filed an amended cross-petition, setting up other facts tending to establish his right to the relief sought.

The Barclays demurred to these cross-petitions, among others, upon the ground that Hines was not entitled to proceed against them in the action of Payne & Bro. v. Able et al. Sec. 125, Civil Code of Practice, authorizes a defendant to make his answer a cross-petition against a co-defendant or a person not a party to the action, where he has a cause of action against such co-defendant or other person affecting the subject-matter of the original action. The Barclays were not defendants to the main action. They had never had any connection with it, except as garnishees, and they were discharged as such by the execution of the bonds discharging the orders of attachment. The amended petition by which Payne & Bro. attempted to reach them, after the return of the cause from this court, was unauthorized by the mandate under which the circuit court was acting.

The claim asserted by the assignee is disconnected from and in no wise affected the matter in contest between Payne & Bro. and the assignee. The filing of the cross-petition was, in effect, an abandonment of the attempt by the assignee to assert his alleged rights to the property that Payne & Bro. were attempting to subject to the payment of their debts, and the commencement of a new, separate and distinct action against parties who were strangers to

the suit in which they were filed. If Hines, as assignee of Able, has a right of action against Barclay & Bro., he must assert it in a separate and original proceeding.

Crabtree et al. v. Banks' Admr. et al., 1 Met. 485. Besides this, these cross-petitions are not authorized by the mandate of this court. The cause was not remanded for any other purpose than that of having settled the rights of the parties to the appellee touching the property upon which Payne & Bro. claimed to have acquired a lien.

Other parties, without whose presence the court could not adjudicate these questions, might be brought before it, but if the alleged fraudulent sales are confirmed, and the assignee chooses to look to the purchasers for the purchase money, he must resort to an original action.

The demurrer should have been sustained, and the cross-petition dismissed. A judgment conformable to this view of the law having been finally rendered, it must be affirmed.

*Warner, Underwood, for appellant.*

*Jas. H. Bowen, W. L. Dalaney, for appellee.*